

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ISAIAH JACOB HOLMES,<br>            Plaintiff,<br><br>vs.<br><br>QUANDARA GRANT, DANA AIKEN,<br>MAJOR NATASHA ROBINSON, DR.<br>GARMEN, SERGEANT BLACK, OFFICER<br>JOSEPH, CRPL. BIEL, SERGEANT BUSH,<br>DEB SZELPKA, *Nurse Practitioner or Dr.*<br>*contracted with Mediko*,<br>            Defendants. | §<br>§<br>§<br>§ CIVIL ACTION NO. 4:24-3255-MGL-TER<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING IN PART, AND DECLINING TO ADOPT IN PART,
THE REPORT AND RECOMMENDATION
AND DISMISSING THE ACTION WITH PREJUDICE AS TO TWO DEFENDANTS,
WITHOUT FURTHER LEAVE TO AMEND,
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Isaiah Jacob Holmes (Holmes) filed this 42 U.S.C. § 1983 action against Defendants Quandara Grant (Grant), Dana Aiken (Aiken), Major Natasha Robinson (Robinson), Dr. Garmen (Garmen), Sergeant Black (Black), Officer Joseph (Joseph), Crpl. Biel (Biel), Sergeant Bush (Bush), and Deb Szelpka (Szelpka), *Nurse Practitioner or Dr. contracted with Mediko*.  The Court earlier dismissed Biel from this lawsuit.  Holmes is representing himself.

Holmes brings claims under the First Amendment, Eighth Amendment, and the Americans with Disabilities Act.  He requests monetary damages and makes allegations of injuries of acute kidney injury, stage two kidney failure due to poorly treated diabetes, edema, five broken teeth below the gumline and related pain, stomach inflammation, untreated colitis, vision loss, busted lip,

small laceration on hairline, broken nail below the cuticle, detriment to spiritual practice, lack of sleep, lack of privileges, and lack of medical treatment.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court the claims against Garmen, Szelpka, and Robinson be dismissed with prejudice, without further leave to amend, and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the RMAreport to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 31, 2024, and Holmes filed his objections on August 12, 2024.

Holmes objects to the dismissal of Szelpka and Garmen, but fails to contest the dismissal of Robinson.

In Holmes's objections to the Magistrate Judge's suggestion to dismiss his claims against Szelpka, he states, "[t]hough [she] may not have made the initial authorization to have [him] transferred[,] she indeed was aware . . . [he] was placed on observation without a medical reason." Objections at 3. But, his conclusory allegations of her knowledge "[he] was placed on observation without a medical reason[,]" *id.*, without more, are insufficient to state a constitutional claim against her.

2

Also, according to Holmes, Szelpka "was acting as the facility doctor, even though she was titled as a nurse practitioner[.]" *Id*. He further states "she was well aware of my placement, and that my placement rendered no medical reason[ ]." *Id*. at 4. But again, these conclusory allegations, without more, are an insufficient basis to hold Szelpka responsible for any constitutional violation against Holmes.

Holmes goes on to say "no inmate may be cleared for release from observation except the acting Doctor approves[.]" *Id*. In that regard, and as the Magistrate Judge aptly explained, Holmes

> asked [Szelpka] if he had a right to refuse medical treatment and she said yes. [Holmes] alleges [Szelpka] said if he did not sign the waiver, she would not authorize release from medical observation. [Holmes's] allegations are contradictory; he appears to want to refuse medical treatment and the document [Szelpka] wanted him to sign was a waiver. [Holmes's] allegations regarding [Szelpka] do not rise to a level of constitutional magnitude. [Szelpka] is subject to summary dismissal.

Report at 6-9.

For these reasons, the Court will overrule Holmes's objections regarding Szelpka.

Holmes also objects to the Magistrate Judge's recommendation to dismiss his claims against Garmen. The Magistrate Judge noted in the Report "the defendants connected with the alleged refusal to treat present conditions resulting in new conditions with injuries is not . . . Garmen, but . . . Aiken and Grant." Report at 6.

In Holmes's objections, however, he claims "Garmen. . . negligently failed to do right by not failing to diagnose[,] but refusing to treat known conditions." Objections at 6. Thus, although Holmes employs "negligence" language here, he has clarified his claim against Garmen such that it appears he is actually making a medical indifference claim against him. As such, the Court will sustain Holmes's objection as to Garmen and direct the Magistrate Judge to authorize the issuance and service of process as to this defendant.

3

The Court hastens to make clear its decision declining to adopt this portion of the Report concerning Garmen is unrelated to any error by the learned Magistrate Judge. It is instead based on Holmes's clarification in his objections of his claims against Garmen. The Magistrate Judge was without the benefit of that clarification when he filed the Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Holmes's objections regarding Szelpka, and sustains his objections regarding Garmen. Further, the Court adopts the portion of the Report concerning Robinson and Szelpka and incorporates it herein. But, the Court declines to adopt or incorporate herein the part of the Report regarding Garmen (ECF #[21]).

It therefore the judgment of the Court the claims against Szelpka and Robinson are **DISMISSED WITH PREJUDICE**, without further leave to amend, and without issuance and service of process.

The Magistrate Judge shall authorize the issuance and service of process as to Garmen. Consequently, with this Order, the case will now go forward against Grant, Aiken, Garmen, Black, Joseph, and Bush.

**IT IS SO ORDERED**.

Signed this 28th day of May, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Holmes is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.