

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ISAIAH JACOB HOLMES,<br>        Plaintiff,<br><br>vs.<br><br>QUANDARA GRANT, DANA AIKEN,<br>MAJOR NATASHA ROBINSON, DR.<br>GARMEN, SERGEANT BLACK, OFFICER<br>JOSEPH, CRPL. BIEL, SERGEANT BUSH,<br>DEB SZELPKA, *Nurse Practitioner or Dr.*<br>*contracted with Medico*,<br>        Defendants. | § §<br>§<br>§<br>§ CIVIL ACTION NO.4:24-3255-MGL-TER<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THE ACTION WITH PREJUDICE AS TO ONE DEFENDANT
FOR FAILURE TO PROSECUTE**

    Plaintiff Isaiah Jacob Holmes (Holmes) filed this 42 U.S.C. § 1983 action against Defendants Quandara Grant (Grant), Dana Aiken (Aiken), Major Natasha Robinson (Robinson), Dr. Garmen (Garmen), Sergeant Black (Black), Officer Joseph (Joseph), Crpl. Biel (Biel), Sergeant Bush (Bush), and Deb Szelpka (Szelpka), *Nurse Practitioner or Dr. contracted with Mediko.* The Court earlier dismissed Biel, Robinson, and Szelpka from this lawsuit. Holmes is representing himself.

    Holmes brings claims under the First Amendment, Eighth Amendment, and the Americans with Disabilities Act (ADA). He requests monetary damages and makes allegations of injuries of acute kidney injury, stage two kidney failure due to poorly treated diabetes, edema, five broken teeth below the gumline and related pain, stomach inflammation, untreated colitis, vision loss, busted lip, small laceration on hairline, broken nail below the cuticle, detriment to spiritual practice, lack of sleep, lack of privileges, and lack of medical treatment.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court the claims against Aiken be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 19, 2025, Holmes filed his objections on April 25, 2025, Aiken filed her reply on May 9, 2025, and Grant, Robinson, Black, Joseph, and Bush filed their reply on April 1, 2025, and May 12, 2025.  The Court has carefully considered, the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

After Holmes presents several of his claims against Aiken, he gives three reasons why he has failed to file a response to Aiken's motion for summary judgment: (1) the loss of his brother, (2) he "work[s] out of state" and thus "do[es] not receive [his] mail right away[,]" and (3) he "liv[es] with . . . injuries and its been a hindrance for [his] quality of life."  Objection at 3.

Here is a time line of the relevant dates, which inform the Court's decision is this matter:

| | |
|---|---|
| January 27, 2025 | Holmes response to Aiken's motion for summary judgment was due. |
| February 10, 2025 | On this date, two weeks after Holmes's response was due, he files a motion to extend the time to file a response. |
| March 13, 2025 | The Magistrate Judge grants Holmes's motion to extend and gives him until this date to file his response. |

2

| | |
|---|---|
| March 19, 2025 | After Holmes failed to file a response, the Magistrate Judge files this Report suggesting the Court dismiss Holmes claims against Aiken based on his failure to prosecute his claims against her. Objections to the Report were due on April 2, 2025. |
| April 25, 2025 | On this date, over three weeks after Holmes's objections to the Report were due, he filed them. |

Given this procedural history, the Court is of the firm opinion Holmes is, for some unknown reason, unserious about pursuing his claims against Aiken and about following the Court's Orders. His objections to the Report fail to convince the Court otherwise. Therefore, the Court will overrule his objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Holmes's objections, adopts the Report (ECF #[81]), and incorporates it herein. It is therefore the judgment of the Court the claims against Aiken are **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Accordingly, the case will now go forward as to Grant, Garmen, Black, Joseph, and Bush.

**IT IS SO ORDERED**.

Signed this 28th day of May, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****

## NOTICE OF RIGHT TO APPEAL

Holmes is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.